FILED BY ____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

05 DEC 21  AM 10: 15

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| CHRISTINE M. BELL d/b/a ALLEGIANCE MORTGAGE SERVICES, | ) ) ) |
| Plaintiff, | ) No. 05-2361 ) Judge Mays ) Magistrate Judge Vescovo |
| v. | ) ) |
| INFINITY DATA CORP., and FIRST DATA CORP., | ) ) ) |
| Defendants. | ) |

## REVISED SCHEDULING ORDER

Pursuant to Rule 26(f), a telephone conference was held on August 19, 2005, to consider and discuss the matters set forth in Rule 26(f), and to attempt to agree on a proposed case management plan. Present during the telephone conference were Ann M. Caldwell, Scott R. Shepherd, Natalie Finkelman Bennett and B. J. Wade, counsel for Plaintiff, W. Travis Parham and Mary Beth Thomas, counsel for Defendant Infinity Data Corporation and Rachel B. Niewoehner and Nathan J. Bicks, counsel for Defendant First Data Corp.

A Proposed Scheduling Conference was submitted to the Court on August 19, 2005 and a Scheduling Conference was held on August 27, 2005. By way of an Order dated September 6, 2005, the Court stayed the action temporarily to give the parties the opportunity to discuss settlement and set a follow up conference for October 27, 2005. A Scheduling Conference was held on October 27, 2005 and the Court, at the parties request, extended the stay by way of an Order dated October 31, 2005 until December 16, 2005.

In the October 31, 2005 Order, the Court instructed the parties to set forth a revised proposed Scheduling Order by December 16, 2005 if the case was not resolved prior thereto. Per the Court's Order, set forth below is a proposed case management plan submitted jointly for the Court's consideration. To the extent the parties have not reached agreement, their respective positions are set forth separately.

**I.     Lifting of the Stay**

The parties have attempted unsuccessfully to resolve this dispute by agreement. Although the parties will continue to discuss the possibility of a resolution, they agree that the stay should be lifted. Accordingly, the stay is lifted as of the date of this order.

**II.    Initial Disclosures**

The parties shall make their Rule 26(a)(1) Initial Disclosures on or before January 16, 2006.

**III.   Joining Parties**

The deadline to join additional parties shall be ninety (90) days following the Court's decision on class certification, subject to extending the discovery deadline if parties are added.

**IV.    Amending Pleadings**

The deadline to amend the pleadings shall be ninety (90) days following the Court's decision on class certification, subject to extending the discovery deadline for substantial amendments.

## V.     Class Certification and Merits Discovery

Plaintiff submits that class discovery and merits discovery should proceed simultaneously. Plaintiff proposes that all discovery be completed by June 15, 2006. Plaintiff's motion for class certification will be filed by July 14, 2006. Defendant's opposition would be due thirty (30) days after service of Plaintiff's motion. Plaintiff may file a Reply in support of the class certification motion within thirty (30) days after service of Defendants' opposition.

Defendants submit that class and merits discovery should be bifurcated, with class certification proceeding first, followed by merits discovery. Defendants propose that class certification discovery be completed by June 15, 2006 (the "Class Discovery Period"). Defendants propose that Plaintiff's class certification motion be filed within thirty (30) days after the expiration of the Class Discovery Period, on or before July 16, 2006. Defendants' opposition would be due thirty (30) days after service of Plaintiff's motion. Defendants submit that merits discovery, if necessary given the ruling on the class certification issue, would be completed within one hundred fifty (150) days after the Court's ruling on the Motion for Class Certification (the "Merits Discovery Period").

Having considered both parties positions, the court adopts the defendants' proposal and finds that discovery should be bifurcated with class certification discovery proceeding first.

Class certification discovery shall be completed on or before June 15, 2006. Plaintiff's motion for class certification shall be filed within 30 days of the date of completion of class action discovery. Defendants' responses to the class certification motion shall be filed within 30 days of service of plaintiff's motion. Merits discovery

shall be completed within 150 days of the date of entry of the court's ruling on the motion for class certification.

## VI. Expert Witness Disclosures

Plaintiff shall serve any reports from retained experts under Rule 26(a)(2) within thirty (30) days after the conclusion of merits discovery (whether class and merits discovery are bifurcated or not). Depositions of Plaintiff's experts will be completed thirty (30) days thereafter. Defendants shall serve any reports from retained experts under Rule 26(a)(2) within sixty (60) days after service of Plaintiff's report(s). Defendants' expert witness depositions will be completed thirty (30) days thereafter. Plaintiff may supplement her expert reports within fifteen (15) days after service of Defendant's report(s). If a rebuttal expert is designated, Defendants' shall depose such rebuttal expert within thirty (30) days thereafter.

## VII. Dispositive Motions

All potentially dispositive motions shall be filed no later than thirty (30) days following the receipt of all expert reports from both Plaintiff and Defendant, and the completion of all expert witness depositions by both Plaintiff and Defendant.

## VIII. Miscellaneous Requirements

    A.    **Pretrial Conference.**    The parties request that a pretrial conference be scheduled following the Court's ruling on any potentially dispositive motions.

    B.    **Trial**    The case is set for a jury trial. Until the Court rules on the class certification issue, the parties cannot estimate the number of days the trial will take. The pretrial order date, pretrial conference date, and trial date shall be set by the presiding judge.

The parties are reminded that pursuant to Local Rule 11(a)(1) (A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59 and 60 shall be accompanied by a proposed order.

The opposing party may file a response to any motion filed in this matter. The party who filed the motion may file a reply in further support of that motion without leave of the Court.

The parties have not consented to trial before the Magistrate Judge.

This Order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this Order will not be modified or extended.

**IT IS SO ORDERED.**

*[signed] Diane K. Vescovo*

DIANE K. VESCOVO
United States Magistrate Judge

Date: December 20, 2005

**APPROVED:**

**GLASSMAN EDWARDS WADE & WYATT, P.C.**

By: /S/ B.J. Wade
    B. J. Wade
    26 N. Second Street
    Memphis, TN 38103
    Tel: (901) 527-4673

    Scott Shephard
    Natalie Finkelman Bennett
    Shepherd, Finkelman, Miller & Shah
    35 E. State Street
    Media, PA 19063

Ann M. Caldwell
Caldwell Law Office LLC
108 W. Willow Grove Avenue, Suite 300
Philadelphia, PA 19118

*Attorneys for Plaintiff,*
*Christine M. Bell d/b/a Allegiance Mortgage Services*

**WALLER LANSDEN DORTCH & DAVIS**

By: /S/ W. Travis Parham
    Joseph A. Woodruff
    W. Travis Parham
    Nashville City Center
    511 Union Street, Suite 2700
    P.O. Box 198966
    Nashville, Tennessee 37219-8966
    Tel: (615) 244-6380

*Attorneys for Defendant,*
*Infinity Data Corporation*

**BURCH, PORTER & JOHNSON**

By: /S/Nathan Bicks
    Jef Feibelman
    Nathan Bicks
    130 North Court Avenue
    Memphis, TN 38103
    Tel: (901) 524-5000

    Gerard D. Kelly
    Rachel B. Niewoehner
    Sean P. Burke
    Sidley Austin Brown & Wood LLP
    10 South Dearborn Street
    Bank One Plaza
    Chicago, IL 60603

*Attorneys for Defendant,*
*First Data Corp.*



# Notice of Distribution

This notice confirms a copy of the document docketed as number 31 in case 2:05-CV-02361 was distributed by fax, mail, or direct printing on December 27, 2005 to the parties listed.

---

Karen M. Leser
65 Main Street
65 Main Street
Chester, CT 06412--131

Rachel B. Niewoehner
SIDLEY AUSTIN BROWN & WOOD
One South Dearborn St
Chicago, IL 60603

Patrick A. Klingman
Shepher, Finkelman, Miller & Shah, LLC
65 Main Street
Chester, CT 06412--131

Gerard D. Kelly
SIDLEY AUSTIN BROWN & WOOD
One South Dearborn St
Chicago, IL 60603

Ann M. Caldwell
Caldwell Law Office LLC
108 W. Willow Grove Avenue
Suite 300
Philadelphia, PA 19118

Natalie Finkelman Bennett
Shephard,Finkleman,Miller & Shah
35 E. State Street
Media, PA 19063

Sean P. Burke
SIDLEY AUSTIN BROWN & WOOD
One South Dearborn St
Chicago, IL 60603

Nathan A. Bicks
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Scott Shephard
Shepherd,Finkleman,Miller & Shah, LLC
35 E. State Streer
Media, PA 19063

B. J. Wade
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

James E. Miller
Shepherd, Finkelmand, Miller & Shah, LLC
65 Main Street
Chester, CT 06412

W. Travis Parham
WALLER LANSDEN DORTCH & DAVIS
511 Union St.
Ste. 2700
Nashville, TN 37219--896

Joseph A Woodruff
WALLER LANSDEN DORTCH & DAVIS
Nashville City Center
511 Union Street
Ste 2700
Nashville, TN 37219--176

Honorable Samuel Mays
US DISTRICT COURT