IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTINE M. BELL d/b/a ALLEGIANCE MORTGAGE SERVICES, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>INFINITY DATA CORP., and FIRST DATA CORP., INC.<br><br><br>    Defendants. | No. 05-2361 Ma/V |

ORDER DENYING MOTION TO DISMISS

Plaintiff Christine M. Bell d/b/a Allegiance Mortgage Services ("Bell"), on behalf of herself and others similarly situated, alleges unfair and deceptive acts in violation of the Tennessee Consumer Protection Act, Tennessee Code Ann. § 47-18-101, et seq. She also brings claims for negligent misrepresentation, breach of contract, and breach of the duty of good faith and fair dealing. On July 15, 2005, Defendant First Data Corp. ("First Data") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Bell responded on August 15, 2005, and First Data replied on February 8, 2006.

**I. Background**

Plaintiff Bell used the internet to find a company to process

credit transactions for her mortgage brokerage business. (Complaint ¶ 10.) She contracted with Infinity Data Corp. ("IDC") because it had the most attractive rates.  Plaintiff signed a number of documents, including a Merchant Credit and Debit Card Processing Agreement (the "Agreement") and a Schedule of Charges (the "Fee Agreement"). (Complaint ¶ 11.)

Pursuant to the Agreement, IDC would act as agent for Concord EFS National Bank (the "Bank"), a wholly owned subsidiary of Concord EFS, Inc. ("Concord"), and provide credit card processing services to Bell.  (Complaint ¶ 12.)  Bell alleges Concord merged with First Data in February 2004, a week after she had entered into the Agreement.  Bell alleges that First Data assumed the operations of Concord at that time.  (Complaint ¶ 3-5.) The Fee Agreement charges Bell twenty-two cents ($0.22,) plus a rate of two and twenty-five hundredths percent (2.25%) of the transaction amount, for electronic credit card transactions. (Complaint ¶ 13.) Bell alleges that the charges on her first month's bill were higher. Bell was allegedly charged 26 cents ($.26), plus a rate of 2.26% percent of the transaction amount, for each electronic credit card transaction. (Complaint ¶ 14.)  Bell alleges that she called IDC many times and that  IDC was unresponsive initially, but that IDC eventually agreed to charge the rate provided in the Fee Agreement, but refused to credit her account for the months in which she was overcharged.  (Complaint ¶ 15.)

2

In the next month's bill, Bell was allegedly charged 2.34% of the total transaction amount, instead of 2.25%.  (Complaint ¶ 16.)  After calling IDC several times, an IDC representative allegedly informed Bell that the terms of the "back of the contract" permitted IDC to increase rates unilaterally.  Bell alleges that she did not receive the back of the contract when the documents were faxed to her and that, although she requested a copy of the "back of the contract", IDC has never sent her a legible copy.  (Complaint ¶ 18-19.)

Bell brings this action, alleging that IDC intentionally advertises low processing rates with the intent to raise rates on unsuspecting customers and that IDC threatened Bell with a cancellation fee to force her to continue under the contract.  (Complaint ¶ 22.)

## II.  Jurisdiction and Venue

Bell is a citizen of Pennsylvania, and Allegiance Mortgage Services maintains its offices in Pottstown, Pennsylvania.  IDC is a Massachusetts corporation with its principal place of business in Brockton, Massachusetts.  First Data is a Delaware corporation with its headquarters and principal place of business in Greenwood Village, Colorado.  Until its merger with First Data, Concord and its wholly owned subsidiary the Bank had their principal place of business in Memphis, TN.  There is complete diversity of citizenship.  The amount in controversy exceeds $75,000.

3

Therefore, this court has jurisdiction under 28. U.S.C. §§ 1331 and 1332(d).

The Agreement provides that venue for any action asserted against Concord or its successors shall lie exclusively in a state or federal court in Shelby County, Tennessee.  When the alleged acts and transactions giving rise to this action occurred, Concord's principal place of business was in Shelby County, Tennessee.  Therefore, venue is proper under 28 U.S.C. § 1391.

## III.  Choice of Law

The Agreement provides that actions brought against the Defendants shall be governed by the laws of the State of Tennessee. Bell has not objected to the application of Tennessee law. Because the Agreement provides for Tennessee law and the parties acquiesce in the application of the substantive law of Tennessee, the court will apply Tennessee law and will not conduct a choice of law analysis <u>sua</u> <u>sponte</u>. <u>See</u> <u>Sneyd v. International Paper Co., Inc.</u>, 142 F.Supp.2d 819, 823 (E.D. Mich. 2001) (citing <u>GBJ Corp. v. Eastern Ohio Paving Co.</u>, 139 F.3d 1080, 1085 (6th Cir. 1998)).

## IV.  Standard for Dismissal Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. Motions to dismiss under Fed.R.Civ.P. 12(b)(6) are designed to test "whether a cognizable claim has been pleaded in the complaint."  <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859

F.2d 434, 436 (6th Cir.1988).   Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate when no set of facts would entitle the plaintiff to recover.  Hammond v. Baldwin, 866 F.2d 172, 175 (6th Cir.1989).   Essentially, the Rule allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery.  See, e.g., Neitzke v. Williams, 490 U.S. 319, 326-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In reviewing a defendant's Rule 12(b)(6) motion to dismiss, a district court should construe the complaint in the light most favorable to the plaintiff and determine whether the plaintiff can prove a set of facts to support the claims that would entitle her to relief.  Meador v. Cabinet for Human Res., 902 F.2d 474, 475 (6th Cir.1990), cert. denied, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990).   If an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.  Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir.1991).

A district court may not grant a defendant's Fed.R.Civ.P. 12(b)(6) motion to dismiss because the court does not believe the plaintiff's factual allegations.  In Re Sofamor Danek Group, Inc., 123 F.3d 394 (6th Cir.1997), cert. denied, Murphy v. Sofamor Danek Group, 523 U.S. 1106, 118 S.Ct. 1675, 140 L.Ed.2d 813 (1998).   It is not the court's function to weigh evidence.  Miller v. Currie, 50 F.3d 373, 377 (6th Cir.1995).

The United States Supreme Court has held that "a complaint

5

should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Thus,"[t]he Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." <u>Id.</u> at 47. "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." <u>Wittstock v. Mark a Van Sile, Inc.</u>, 330 F.3d 889, 902 (6th Cir. 2003) (emphasis added).

## V. Analysis

First Data argues that it is not a proper party to the complaint and that, in counts I and II, Plaintiff does not describe First Data's actions with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. (Mtn. to Dismiss at 1.)

### A. Whether First Data is A Proper Party

Bell alleges that First Data is the successor corporation to Concord. First Data argues that it is not the successor to Concord and that the Plaintiff contracted with Concord, not First Data or one of its predecessors. Further, First Data argues that, if it were the successor to Concord, it would be the parent corporation and would not be liable for the acts of its

subsidiaries.  (Memo. in Supp. of Mtn. to Dismiss at 2.)

Bell alleges that First Data acquired Concord one week after the execution of the Agreement, that Concord no longer exists, and that the terms of the Agreement establish First Data's liability.  She cites paragraph 20, which states that "... [t]he obligations of CEFS [Concord] hereunder may be performed by any assignee of CEFS or any parent, affiliate or successor corporation of the CEFS or its parent..." (See Exhibit A to Answer of Defendant Infinity  Data Corporation, filed July 19, 2005.)

In ruling on a motion to dismiss, the court must take the allegations of Bell's complaint as true.  She has alleged that First Data is the surviving entity of a merger with Concord. Therefore, Bell of Concord and states a cognizable claim against First Data.  A court should hesitate to dismiss an action when the facts underlying the claim are within the defendant's control, especially when no discovery has been conducted. Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 680 (6th Cir.1988). Therefore, First Data's motion to be dismissed as an improper party is DENIED.

**B. First Data's claim for dismissal of Counts I and II**

First Data argues that Counts I and II, which allege a violation of the Tennessee Consumer Protection Act and negligent misrepresentation, should be dismissed as to First Data because

the Complaint does not describe First Data's actions with the
particularity required by Rule 9(b) of the Federal Rules of Civil
Procedure. (Mtn. to Dismiss at 2.) Bell argues that her Complaint
meets the requirements of Rule 9(b) and that Rule 9(b) should be
read in harmony with Fed.R.Civ.P. 8(a)'s requirement that the
plaintiff should provide a short and plain statement of the
claim, showing that the pleader is entitled to relief.  (Resp. to
Mtn to Dismiss at 6.)

"[T]he principal purpose for the Fed.R.Civ.P. 9(b)
particularity requirement, when considered in context with
Fed.R.Civ.8, is to ensure that the defendant receives fair notice
of the alleged misconduct or fraudulent acts of which the
plaintiff complains in order to prepare a responsive pleading."
Beard v. Worldwide Mortgage Corp., et al., 354 F.Supp.2d 789,799
(W.D. Tenn. 2005). First Data argues that the complaint does not
meet the particularity requirement because Bell refers to
"Defendants" in Counts I and II without naming First Data. (Memo.
in Supp. of Mtn. to Dismiss at 5.)

Bell's statement of facts specifically refers to IDC and to
Concord.  Bell alleges that IDC, acting as an agent on behalf of
Concord (now allegedly First Data), refused to honor the
Agreement and the Fee Agreement.  Bell also alleges, on
information and belief, that IDC and Concord intentionally
advertised low rates to induce customers to contract and then

deceptively raised prices.  (Complaint ¶ 15-20).  Pleading upon information and belief is permissible, although the plaintiff must plead a statement of facts upon which the belief is based. <u>Craighead v. E.F. Hutton & Co.</u>, 899 F.2d 485, 489 (6th Cir.1990). Bell's allegations are sufficient to state causes of action under the Tennessee Consumer Protection Act and for negligent misrepresentation.

If plaintiff's claims are groundless, that conclusion will emerge from discovery. Her causes of action are based on specific factual allegations against IDC, Concord, and First Data.  Bell's complaint adequately informs First Data of the actions underlying the Complaint.  Therefore, Bell has meet her burden under Rule 9(b).  First Data's motion to dismiss Counts I and II is DENIED.

**VI. Conclusion**

For the foregoing reasons the court DENIES First Data's motion to dismiss.


So ORDERED this 8th day of August 2006.


_____
s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE